**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| CCS CONSTRUCTION COMPANY, LLC,<br>    Plaintiff,<br><br>vs.<br><br>LOTUS PAD LIBERTY CENTER, LLC, et al.,<br>    Defendants. | Case No. 1:20-cv-526<br>Dlott, J.<br>Litkovitz, M.J.<br><br><br><br>**REPORT AND**<br>**RECOMMENDATION** |

This matter is before the Court on plaintiff's motion to strike defendant's affirmative defenses (Doc. 23), defendant RLI Insurance Company's ("RLI") response in opposition (Doc. 29), and plaintiff's reply memorandum (Doc. 31).

## I.  Background

On July 24, 2019, plaintiff CCS Construction Company ("CCS") filed its complaint against defendants Lotus Pad Liberty Center ("Lotus") and RLI. Plaintiff's claims arise from construction work performed by CCS at the Lotus premises, located in the Liberty Center Shopping Center. (Doc. 23 at 2). After Lotus defaulted on its payment of the construction services, CCS filed and obtained a mechanic's lien against Lotus's lessee property interests. (*Id*.). RLI, as surety for Lotus, issued a bond to discharge CCS's mechanic lien against the property. (*Id*.). The underlying dispute concerns whether the mechanic's lien was fatally recorded against Liberty Center's fee simple interest as opposed to Lotus's leasehold interest.

On May 29, 2020, RLI filed its answer and affirmative defenses to the complaint. (Doc. 16). RLI's answer includes the following three affirmative defenses:

1. RLI, as surety, adopts and asserts any and all of Lotus Pad's defenses and/or affirmative claims, cross claims or counterclaims, whether sounding in contract or tort, to CCS's claims irrespective of whether Lotus Pad asserts those defenses herein.

2. RLI, as a surety, is not bound by the default judgment rendered against Lotus Pad, and the entry of the default judgment against Lotus Pad has no impact on RLI's liability to CCS under its Bond, nor does it prevent RLI from asserting all available defenses, including those that would have been available to Lotus Pad, under the contract, the Bond and law.

3. CCS's claim against RLI or its Bond is barred because its Lien is invalid, and a surety cannot be found responsible under a bond that replaces an invalid lien. CCS's Lien is invalid because (1) Lotus Pad did not act as an agent of Liberty Center, and therefore, any Lien against the Property is invalid; (2) Liberty Center did not contract with CCS, and therefore, any Lien against the Property is invalid; (3) CCS did contract with Lotus Pad, but it failed to record its Lien against Lotus Pad's leasehold interest, and therefore, any Lien against the Property is invalid; and (4) even if CCS did record its Lien against Lotus Pad's leasehold interest, which it did not, the Lease has been terminated by Liberty Center, and therefore, any Lien CCS had against Lotus Pad's leasehold interest has also been terminated.

(Doc. 23 at 3-4).

**II. Standard of Review**

Rule 12(f) provides that on motion made by a party, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). Striking a pleading is a drastic remedy, and "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015); *see also Mapp v. Bd. of Ed. of the City of Chattanooga, Tenn.*, 319 F.2d 571, 576 (6th Cir. 1963) (recognizing strike orders as a relatively "drastic remedy to be resorted to only when required for the purposes of justice" or "when the pleading to be stricken has no possible relation to the controversy"). Although motions to strike can "serve a useful purpose by eliminating insufficient defenses[,]" a district court should strike only defenses "so legally insufficient that it is beyond cavil that defendants could not prevail on them." *U.S. v. Pretty Prods., Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (citation omitted).

**III. Plaintiff's motion to strike should be denied.**

Plaintiff moves the Court to strike RLI's first and second affirmative defenses as improper under the *Twombly-Iqbal* pleading standards and to strike the third affirmative defense as an improper attack against CCS's case-in-chief. (Doc. 23). Plaintiff argues that RLI's first and second affirmative defenses are "unsupported by a single operative fact and fail to meet the *Iqbal/Twombly* pleading standards." (*Id*. at 5-6). Plaintiff also claims these defenses fail to provide it with sufficient notice that a plausible basis exists for the defenses and should be stricken. (*Id*.).

RLI contends the *Iqbal/Twombly* pleading standards apply only to complaints and that an affirmative defense may be pleaded in general terms so long as it gives plaintiff fair notice of the nature of the defense. (Doc. 29 at 5). RLI further states that even if affirmative defenses are subject to heightened pleading standards, RLI pled factual allegations "above and beyond mere conclusions or threadbare recitals" to meet the *Iqbal/Twombly* standard. (Doc. 29 at 8).

Under the *Iqbal* and *Twombly* pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly,* 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to

3

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

As the undersigned has previously noted, the Sixth Circuit Court of Appeals has never expressly held that the heightened pleading standard set forth in *Iqbal* and *Twombly* for complaints also applies to affirmative defenses, and district courts within the Sixth Circuit are split on the issue. *See Hiles v. Army Review Bd. Agency*, No. 1:12-cv-673, 2014 WL 7005244, at *2 (S.D. Ohio Dec. 10, 2014) (Litkovitz, M.J.) (and cases cited therein). In *Hiles*, the undersigned declined to apply the *Twombly–Iqbal* pleading standard to affirmative defenses. 2014 WL 7005244, at *2. Likewise, other judges within this district have found that the *Twombly-Iqbal* pleading standard does not apply to affirmative defenses. *See Ohio ex re. Dewine v. Globe Motors, Inc.*, No.3:18-cv-142, 2019 WL 3318354, at *2-3 (S.D. Ohio July 23, 2019) (Rice, J.); *Ruff v. Credit Adjustment, Inc.*, No. 2:18-cv-351, 2019 WL 4019464, at *2 (S.D. Ohio Aug. 23, 2018) (Smith, J.); *Sprint Solutions, Inc. v. Shoukry*, No. 2:14-cv-00127, 2014 WL 5469877, at *2 (S.D. Ohio Oct. 28, 2014) (Sargus, J.); *Joe Hand Promotions, Inc. v. Havens*, No. 2:13-cv-0093, 2013 WL 3876176, at *2 (S.D. Ohio Jul. 26, 2013) (King, M.J.). In contrast, other judges within the district have viewed affirmative defenses "through the *Iqbal/Twombly* plausibility lens." *Nixson v. The Health All*., No. 1:10-cv-00338, 2010 WL 5230867, at *2 (S.D. Ohio Dec. 16, 2010) (Spiegel, J.); *see also Edizer v. Muskingum Univ.*, No. 2:11-cv-799, 2012 WL4499030, at *11 (S.D. Ohio Sept. 28, 2012) (Marbley, J.).

The undersigned continues to be persuaded that heightened pleading standards under *Twombly* and *Iqbal* do not apply to affirmative defenses. "Declining to apply the *Twombly/Iqbal* standard to defenses is consistent with Rule 8." *Ruff*, 2018 WL 4019464, at *2. Under Rule 8(a)(2), a claim for relief must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Under Rule 8(c)(1), in contrast, a party wishing to assert an affirmative defense in response to a pleading need only "affirmatively state any avoidance or affirmative defense. . . ." Fed. R. Civ. P. 8(c)(1).  Revealing the existence of an affirmative defense provides the opposing party with the requisite notice contemplated by the rules.  Pleading an affirmative defense in general terms is sufficient "as long as it gives plaintiff fair notice of the nature of the defense," *Lawrence v. Chabot,* 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1274), and satisfies both the law and the spirit of Rule 8.  Therefore, as long as RLI's affirmative defenses give plaintiff fair notice of the nature of the defenses, the Court will not strike the defenses for any alleged failure to meet the *Twombly-Iqbal* standards.

      As to the first affirmative defense, RLI provided CCS fair notice that it intends to adopt any and all defenses asserted by Lotus Pad.  The challenged affirmative defense contains sufficient information of the nature and legal bases on which RLI intends to rely.  Additionally, even absent RLI's reservation of right in its affirmative defense, the Federal Rules of Civil Procedure and the rules of this Court grant RLI the right to amend its answer to raise additional defenses that may become apparent as the litigation proceeds.   Therefore, plaintiff's motion to strike RLI's first affirmative defense is denied.

      As to the second affirmative defense, RLI provided CCS fair notice that it intends to challenge whether it is bound by the default judgment rendered against Lotus Pad.  The defense does not contain detailed factual allegations but contains information sufficient to give CCS fair notice of RLI's defense that the default judgment has no impact on RLI's liability to CCS under its Bond.  Therefore, plaintiff's motion to strike RLI's second affirmative defense is denied.

5

Plaintiff acknowledges that RLI's third affirmative defense is supported by factual allegations, but it nevertheless contends the defense should be stricken for attacking CCS's case-in-chief – essentially that CCS had a valid and perfected lien against Lotus's leasehold interest. (Doc. 23 at 6). CCS contends an attack on a plaintiff's case-in-chief is not an affirmative defense absolving the defendant of liability, and thus is improper and should be excluded. (*Id*. at 7). In response, RLI states the third affirmative defense does not "merely attach the elements of [CCS's] *prima facie* case" but provides defenses which absolve RLI of liability. (Doc. 29 at 8-9).

CCS's case-in-chief turns on whether a valid and perfected lien existed against Lotus Pad's leasehold interest and/or Liberty Center's fee interest. (Doc. 23 at 6). RLI's third affirmative defense does not negate any element of that *prima facie* dispute. Rather, the third defense asserts that even if CCS's complaint is factually correct and a valid lien exists, RLI would still be absolved of liability under the terms of the Bond. Because the third defense does not attack the elements of CCS's case-in-chief, the Court declines to strike the third affirmative defense.

**IV. Conclusion**

Based on the foregoing, it is **RECOMMENDED** that plaintiff's motion to strike RLI's affirmative defenses (Doc. 23) be **DENIED** in its entirety.

Date: 11/16/2020

Karen L. Litkovitz
United States Magistrate Judge

6

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| CCS CONSTRUCTION COMPANY, LLC,<br>     Plaintiff, | Case No. 1:20-cv-526<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| LOTUS PAD LIBERTY CENTER LLC, et al.,<br>     Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).